## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

CLAUDE T. HARRELL, JR., Regional )
Director of Subregion 33 of the National )
Labor Relations Board, for and on behalf )
of the NATIONAL LABOR RELATIONS )
BOARD, )
            )
       Petitioner, )
            )
  v. )     Case No. 11-1284
            )
NATIONAL RED CROSS, HEART OF )
AMERICA BLOOD SERVICES REGION, )
            )
       Respondent. )

## O P I N I O N

This matter is now before the Court on Petitioner's Motion to Limit Section 10(j) Hearing Issue of "Likelihood of Success on the Merits" to the Administrative Record, Supplemented by Evidence on Whether Injunctive Relief is Just and Proper.  For the reasons set forth below, the Motion [#3] is GRANTED.

### DISCUSSION

Petitioner has brought this action against Respondent seeking an injunction pursuant to Section 10(j) of the National Labor Relations Act (the "Act") pending final disposition of the underlying administrative matter charging Respondent with engaging in unfair labor practices. Section 10(j) provides in relevant part:

> The Board shall have power, upon issuance of a complaint as provided in subsection (b) charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States

District Court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant the Board such temporary relief or restraining order as it deems just and proper.

29 U.S.C. § 160(j). The Court lacks jurisdiction to determine the merits of the underlying labor dispute pending before the Board, and consequently, any injunctive relief entered terminates by operation of law on the issuance of the Board's final administrative ruling. Barbour v. Central Cartage, Inc., 583 F.2d 335 (7th Cir. 1978). Accordingly, the Court's inquiry is limited to a determination of whether the evidence presented, when viewed in the light most favorable to Petitioner, could be resolved by the Board in favor of Petitioner.

The Court applies the traditional test for preliminary injunctive relief and "may order injunctive relief pending the Board's final position of an unfair labor practice claim if such relief would be 'just and proper.'" Lineback v. Irving Ready-Mix, Inc., ___ F.3d ___, 2011 WL 3437680, at *3 (7th Cir. Aug. 5, 2011), citing Lineback v. Spurlino Materials LLC, 546 F.3d 491, 499 (7th Cir. 2008). Under this test, the Court must consider "the lack of an adequate remedy at law, the balance of potential harms posed by the denial or grant of interim relief, the public interest, and the petitioner's likelihood of success on the merits of its complaint." Irving Ready-Mix, 2011 WL 3437680, at *3. That being said, injunctive relief is an extraordinary remedy appropriate only where "effective enforcement of the Act is threatened by delay in the Board's dispute resolution process." Id., citing Bloedorn v. Francisco Foods, Inc., 276 F.3d 270, 297 (7th Cir. 2001).

In his Motion, Petitioner asks the Court to limit the evidence to be considered in establishing his likelihood of success on the merits to the administrative record that is before the ALJ on the

underlying complaint. Respondent argues that Petitioner's Motion is a premature and improper attempt to exclude a broad array of evidence that may be relevant to whether injunctive relief is just and proper, as evidence may be relevant to more than one element of the test.

The likelihood of success factor requires the Court to "evaluate[] only on a preliminary basis the Director's probability of success before the Board." Id.. *citing* Francisco Foods, 276 F.3d at 287; Spurlino Materials, 546 F.3d at 502-03 (noting that the inquiry is "confined to the likelihood that the Director will prevail before the Board" and involves a "predictive judgment about how the NLRB is likely to rule.") As the Board cannot consider other evidence outside the record presented to the ALJ in making its ultimate determination pursuant to the Administrative Procedure Act, 5 U.S.C. § 556(e), logic compels the conclusion that this Court's review in assessing Petitioner's likelihood of success on the merits should be limited to the same evidence that will be considered by the Board.

This conclusion is supported by case law in this Circuit. In Moran v. LaFarge North America, Inc., 286 F.Supp.2d 1002, 1007 (N.D.Ind. 2003), the court found that "[i]n determining whether Petitioner can demonstrate a likelihood of success on the merits, this Court must decide whether Petitioner presented sufficient evidence to the ALJ to prevail on the merits." Cited as authority for this conclusion is the Seventh Circuit's decision in NLRB v, Electro-Voice, 83 F.3d 1559, 1566-68 (7th Cir. 1996), which granted the Director's request to rely on the record before the ALJ rather than hold an evidentiary hearing and discussed the district court's consideration of the evidence before the Board.

Respondent has failed to persuade the Court that evidence outside the administrative record should properly be considered in evaluating the Petitioner's likelihood of success on the merits. Although Respondent refers to evidence of recent and ongoing bargaining sessions as undermining

the argument that its current conduct has a negative effect on the union's status, such evidence cannot have any impact on Petitioner's likelihood of success in the underlying proceeding as it was not presented to the ALJ and therefore will not be considered by the Board. Rather than bearing on the likelihood of success inquiry, the Court finds such evidence to be relevant to the other factors considered in the just and proper inquiry, that is whether the labor effort will suffer irreparable harm in the absence of injunctive relief and the balance of the harms posed. Petitioner clearly concedes the propriety of supplementing the record in this respect, and it will generally be allowed for that purpose subject to specific objection.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Limit Section 10(j) Hearing Issue of "Likelihood of Success on the Merits" to the Administrative Record, Supplemented by Evidence on Whether Injunctive Relief is Just and Proper [#3] is GRANTED.

ENTERED this 7th day of September, 2011.


s/ James E. Shadid
James E. Shadid
United States District Judge